UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILLIE GRIFFIN, JR.** : | **CIVIL ACTION NO. 2:14-cv-463** |
| **FED. REG. # 04667-017** | **SECTION P** |
| **VERSUS** : | **JUDGE MINALDI** |
| **WARDEN C. MAIORANA** : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for a writ of habeas corpus [doc. 1] filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Willie Griffin, Jr. (hereinafter "Griffin"). Griffin is in the custody of the Federal Bureau of Prisons (hereinafter "BOP") and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana (hereinafter "FCIO").[1]  However, his petition concerns events that occurred while he was incarcerated at the Federal Prison Camp in Yankton, South Dakota (hereinafter "FPCY").  Griffin names Warden C. Maiorana as respondent herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons, IT IS RECOMMENDED that the petition be DISMISSED WITH PREJUDICE.

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n. 5 (5th Cir. 2001). Since petitioner was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper. See *Id.*; 28 U.S.C. § 2241(d).

# I.
## *Background*

Griffin alleges that he was erroneously deprived of good-time credits. Specifically, he claims that on March 29, 2013, an officer at FPCY reviewed Griffin's outgoing mail and found a letter written by Griffin instructing a female visitor to write a letter to another inmate informing the inmate of the presence of a snitch in the jail. Doc. 1, att. 2, pp. 3, 4. As a result, Griffin was charged *inter allia* with use of the mail for abuses other than criminal activity which circumvents mail monitoring procedures. Doc. 1, att. 2, p. 2. The charge was then referred to the Disciplinary Hearing Officer (hereinafter "DHO"). On October 15, 2013, a re-hearing[2] was held before the DHO, who found that Griffin did commit the prohibited act. *Id.* His sanctions included loss of twenty-seven days of good time credit and the forfeiture of another twenty-seven days of non-vested good time credit. Doc. 1, att. 2, p. 4.

Griffin appealed the DHO's findings. Doc. 1, att. 2, pp. 7-8, 11. His appeals were denied at all levels. Doc. 1, att. 2, p. 6, 12-14.

Griffin filed this suit alleging that the information relied upon by the DHO did not constitute sufficient evidence to support a finding of guilt. Doc. 1, p. 5. He contends that the letter in question contained neither an inmate number nor an address for forwarding. Moreover, he claims that it did not even mention another inmate. *Id*. Griffin further argues that a personal issue between himself and the unit manager resulted in a biased staff that purposefully intended to find him guilty. *Id.* He states that this unit manager, against whom he had earlier filed a grievance, also acted as the DHO, and that this resulted in a conflict of interest. Doc. 1, p. 4. Griffin also faults the DHO for failing to allow his staff witness to retrieve witness statements or speak to him prior to the hearing. *Id*.

---

[2] The first hearing was held on April 4, 2013. Griffin appealed the DHO's finding from that hearing and was granted a re-hearing. Doc. 1, att. 2, p. 3.

Griffin seeks restoration of his good time credit, and expungement of the charge from his record. Doc. 1, att. 2, p. 1.

## II.
## Law and Analysis

### A. "Some Evidence"

Griffin seeks habeas relief pursuant to 28 U.S.C. § 2241, which provides that "the writ of *habeas corpus* shall not extend to a prisoner unless – [h]e is in custody in violation of the Constitution or laws or treaties of the United States..." 28 U.S.C. §2241(c)(3). Here, Griffin claims that he was deprived of good-time credits without proper evidence to support the disciplinary charge. Federal prisoners have liberty interests in their accumulated good-time credit. See *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000). Therefore and because a good-time credit liberty interest is implicated, the analysis approved by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974) and *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985), governs this review of the contested disciplinary proceedings.

In order for a prison disciplinary proceeding to comport with the requirements of due process, the following minimal procedural safeguards must be afforded: (1) adequate notice of the alleged violation; (2) an opportunity to present evidence; (3) written findings in support of the ruling; and (4) that upon review, at least "some evidence" support the ruling. 472 U.S. at 454; 418 U.S. at 556.

Courts will not review a disciplinary hearing officer's factual findings *de novo*. Instead, the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." 472 U.S. at 454–55; *Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir. 1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports

the decision." *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001). "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson,* 252 F.3d 534, 537 (5th Cir. 2001).

The information provided in a written incident report standing alone can satisfy the "some evidence" standard. *Id.* at 536–537. In this case, the disciplinary hearing officer considered the following: (1) the letter from Griffin to April Ray; (2) written witness statements dated April 8, 2013; (3) written documentation submitted by Griffin at the hearing; (4) the incident report and investigation; and (5) Griffin's statement made at the DHO. Doc. 1, att. 2, p. 3; Doc. 1, att. 2, p. 13.

Based on a review of the aforementioned evidence, the hearing officer found Griffin guilty of offense with which he was charged. As noted, information provided in a written incident report standing alone can satisfy the "some evidence" standard. In this matter, the DHO relied on a wide range of investigations, reports, and statements. Therefore, we are satisfied that the "some evidence" standard was met here, and that there was more than enough information available to support the DHO's finding of guilt.

### B. *Retaliation*

Griffin insinuates that the disciplinary charge was brought in retaliation for an earlier grievance that he had filed against the unit manager/DHO.

Retaliation claims in the context of habeas corpus review of prison disciplinary hearings are approached with caution. In *Woods v. Smith*, 60 F.3d 1161, (5th Cir. 1995) the Fifth Circuit addressed such claims warning that "[t]he prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in

every disciplinary act that occurs in state penal institutions." 60 F.3d at 1166 (internal citations omitted).  The court went further stating that,

> To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident…would not have occurred. This places a significant burden on the inmate...[who]…must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

*Id.* (internal citations omitted).

In the case before us, nothing about Griffin's allegations indicate that, but for filing the grievance against the unit manager/DHO, he would not have been charged with or found guilty of the charged violation.

Accordingly, we find that Griffin has failed to meet his heavy burden to show that a specific constitutional violation has occurred, and we conclude that his claims should therefore be denied.

### *III*.
### *Conclusion*

For reasons stated above,

**IT IS RECOMMENDED THAT** the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 18th day of February, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE